**Richard R. CZERNIEJEWSKI, Plaintiff—Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Defendant—Appellee.**

No. 02–6255.

United States Court of Appeals, Second Circuit.

July 9, 2003.

Christina A. Agola, Law Office of Christina A. Agola, Webster, NY, for Appellant.

Lynn S. Edelman, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: MINER, JACOBS, and Hon. CABRANES, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 9th day of July, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Richard R. Czerniejewski appeals from a September 26, 2002 summary judgment entered in the United States District Court for the Western District of New York (Skretny, J.), in favor of Defendant–Appellee John E. Potter, the Postmaster General of the United States Postal Service ("USPS"), on Czerniejewski's claims that the USPS discriminated against him on the basis of his disability under the Rehabilitation Act of 1973, 29 U.S.C. § 794, and unlawfully retaliated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

The district court ruled that Czerniejewski failed to establish a prima facie case of discrimination, because he failed to show

one element of the prima facie case, i.e., that he is otherwise qualified to perform the job. *See Kinsella v. Rumsfeld,* 320 F.3d 309, 314 (2d Cir.2003).

The district court's ruling was made on alternative grounds that [1] Czerniejewski was judicially estopped from showing that he was "otherwise qualified" for an open job at the USPS because he had successfully argued an inconsistent position during three other proceedings, and [2] even if judicial estoppel were inapplicable, Czerniejewski was unable to show that he was "otherwise qualified" as a matter of law.

We affirm on the latter ground for substantially the reasons set forth by the district court in its Decision and Order entered September 26, 2002 ("Decision and Order"), and we do not consider the issue of judicial estoppel.

Also for substantially the reasons set forth in the Decision and Order, we affirm the district court's grant of summary judgment to the USPS on Czerniejewski's retaliation claim.

We have reviewed Czerniejewski's remaining arguments, and conclude that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.